IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DANIEL HERRERA ALDANA, | § § | |
| Petitioner, | § § | |
| v. | § § | 1:26-CV-335-RP |
| CHARLOTTE COLLINS, *in her official capacity as Warden of T. Don Hutto Detention Center*, et al., | § § § § | |
| Respondents. | § § | |

**ORDER**

Before the Court is Petitioner Daniel Herrera Aldana's (Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. 1). Petitioner alleges that, after presenting himself for inspection at the Calexico Port of Entry in October 2023, the Department of Homeland Security ("DHS") granted him humanitarian parole under 8 U.S.C. § 1182(d)(5). (*Id.* at 2, 11). His parole was set to remain valid until October 11, 2025. (Original Form I-94, Dkt. 1-2). DHS purportedly terminated Petitioner's parole early in April 2025. (Pet., Dkt. 1, at 11). Petitioner alleges that he "received no notice of that termination."[1] (*Id.*).

Respondents' brief[2] in response, (Dkt. 6), does not explicitly acknowledge Petitioner's grant of parole in October 2023, nor does it respond to his allegation that he did not receive notice of his parole purportedly being revoked in April 2025. The Court will therefore order Respondents to supply the Court with evidence of any notice that was issued to Petitioner regarding the termination

---

[1] 8 C.F.R. § 212.5(e) allows early termination of parole only "upon written notice" to the noncitizen.
[2] Respondents in this case are Charlotte Collins, Warden, T. Don Hutto Detention Center; Pamela Bondi, United States Attorney General; Kristi Noem, Secretary of the United States Department of Homeland Security; Todd M. Lyons, Director of United States Immigration and Customs Enforcement ("ICE"); Miguel Eduardo Vergara-Lopez, Field Office Director, U.S. ICE; and Sirce E. Owen, Acting Director, Executive Office for Immigration Review. The Response was filed only on behalf of the federal employees in this action ("Respondents"). (Resp., Dkt. 6, at 1).

of his parole status in April 2025, along with supplemental briefing on this matter. In the event Respondents are unable to comply with this Order, Respondents must file a status report explaining why.

Accordingly, **IT IS ORDERED** that Respondents shall provide the Court with evidence and supplemental briefing regarding Petitioner's contention that he did not receive notice of his parole being terminated in April 2025 on or before **March 3, 2026**.

**SIGNED** on February 27, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE